Upon review of all of the competent evidence of record with reference to the errors assigned, and reconsideration of the evidence, and finding no good ground to receive further evidence, or rehear the parties or their representatives, the Full Commission AFFIRMS the Deputy Commissioner's denial of benefits as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. On June 24, 1994, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date, Liberty Mutual Ins. Co. provided the coverage to the employer as provided under said Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on June 24, 1994.
5. On said date the plaintiff was earning an average weekly wage of $192.23.
6. That the issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident arising out of and in the course of her employment with the defendant-employer on June 24, 1994; and,
 b. If so, were the injuries of which the plaintiff complains caused by the said accident; and,
 c. If so, to what compensation is the plaintiff entitled under the Act.
7. The plaintiff began working for the defendant-employer June 11, 1993 and last worked for said defendant-employer June 24, 1994.
8. The plaintiff has been treated by the following medical providers:
a. Pardee Hospital Emergency Room, June 25, 1994.
b. Dr. Eaton beginning June 27, 1994.
9. The parties further stipulate into evidence 22 pages of medical records together with a written agreement of stipulations.
**************
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. On June 24, 1994, the plaintiff, who had been working for the defendant-employer since June 11 of 1993, was employed by the defendant-employer as a restaurant cashier.
2. As a restaurant cashier, the plaintiff's duties included arriving early in the morning in time to set up the tables before the breakfast service began and, during the service of the meals, to seat customers and present menus, and generally look to the orderly running of the restaurant procedure. At the end of her shift, she took out trash and replaced the trash bags.
3. The plaintiff testified that on June 24, 1994, as she was in an awkward position getting trash bags out of a cabinet to replace in a trash basket and as she was standing up from a kneeling position after having retrieved the trash bags from the cabinet, she felt a sudden pain in her left knee.
4. Subsequent to the onset of pain, the plaintiff sought medical care and treatment first at a local emergency room then from an orthopedic physician who performed arthroscopic and lateral release surgery on her left knee on August 24, 1994.
5. Prior to June 24, 1994, the plaintiff had ongoing degenerative problems with her left knee and ankle as early as 1987, which required arthroscopic surgery of the left knee in 1987, and led to a medical recommendation of a left knee lateral release in 1990. Plaintiff's acute problems with the knee had been characterized by spontaneous onset.
6. In performing the surgery of August 24, 1994, the treating physician found pre-existing left knee arthritic degeneration requiring debriding under the patella and lateral tendon release procedures, and found no tearing of the meniscus. This was the same procedure recommended in 1990.
7. Plaintiff told the emergency room physician and her surgeon that her injury occurred when, while walking at the Holiday Inn, her knee popped and gave away. She did not describe an unusual occurrence in connection with the injury.
8. The plaintiff did not sustain an injury by accident arising out of and in the course of her employment with the defendant-employer on June 24, 1994. The greater weight of the evidence fails to show that an injury to her knee resulted from a movement outside plaintiff's normal work routine, or other "accident" within the meaning of N.C.G.S. § 97-2(6).
***************
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSION OF LAW
The plaintiff did not sustain an injury by accident arising out of and in the course of the employment with the defendant-employer. Since the plaintiff has failed to carry her burden of proof in establishing that she sustained an injury by accident as contemplated by the provisions of the North Carolina Workers' Compensation Act, she is not entitled to benefits under the provisions of said Act. N.C.G.S. § 97-2(6).
***************
Based on the foregoing findings of fact and conclusion of law, the Full Commission enters the following
AWARD
1. For the reasons stated above, the plaintiff's claim for benefits under the provisions of the North Carolina Workers' Compensation Act is denied and dismissed.
2. Each party shall bear its own costs.
 S/ _______________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
JRW:md